J. S08019/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
                                :          PENNSYLVANIA
                    v.          :
                                :
ANTHONY EUGENE LOMAX, JR.,      :         No. 689 WDA 2016
                                :
              Appellant         :

Appeal from the PCRA Order, April 15, 2016,
in the Court of Common Pleas of Erie County
Criminal Division at No. CP-25-CR-0001819-2008

BEFORE:  GANTMAN, P.J., FORD ELLIOTT, P.J.E., AND SOLANO, J.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED MARCH 08, 2017**

Anthony Eugene Lomax, Jr., appeals from the order of April 15, 2016, dismissing his serial PCRA[1] petition.  We affirm.

On November 4, 2008, appellant entered a negotiated guilty plea to one count each of rape of a child and aggravated indecent assault.[2]  In exchange for his plea, additional charges of involuntary deviate sexual intercourse and corruption of minors were ***nolle prossed***.  Appellant admitted to digitally penetrating the four-year-old victim's vagina and penetrating her anus with his penis.  (Notes of testimony, 11/4/08 at 5.)  On March 3, 2009, appellant appeared for sentencing.  Appellant made an oral

---

[1] Post-Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.

[2] 18 Pa.C.S.A. §§ 3121(c) & 3125(b), respectively.

motion to withdraw the plea, which was denied. (Notes of testimony, 3/3/09 at 31-32.) Appellant received an aggregate sentence of 20 to 40 years' imprisonment, which included 10-year mandatory minimum sentences at each count. Appellant was also found to meet the statutory criteria for sexually violent predator status.

Appellant filed a direct appeal, and this court affirmed the judgment of sentence on February 1, 2010. *Commonwealth v. Lomax*, 996 A.2d 10 (Pa.Super. 2010) (unpublished memorandum). Appellant's petition for allowance of appeal was denied by the Pennsylvania Supreme Court on November 16, 2010. *Commonwealth v. Lomax*, 12 A.3d 751 (Pa. 2010).

On January 21, 2011, appellant filed a timely *pro se* PCRA petition. Counsel was appointed and filed an amended petition on appellant's behalf. (Docket #61.) An evidentiary hearing was held on June 2, 2011, and appellant's petition was denied on June 10, 2011. In a memorandum decision, this court affirmed on January 23, 2012; and on June 20, 2012, our supreme court denied allowance of appeal. *Commonwealth v. Lomax*, 43 A.3d 526 (Pa.Super. 2012) (unpublished memorandum), *appeal denied*, 47 A.3d 846 (Pa. 2012).

On March 17, 2016, appellant filed the instant petition *pro se*, his second. (Docket #86.) On March 30, 2016, the PCRA court issued notice of its intent to dismiss the petition without a hearing within 20 days pursuant to Pa.R.Crim.P. 907. Appellant filed a response on April 8, 2016, and on

April 15, 2016, appellant's petition was dismissed as untimely filed. (Docket #89.) On May 11, 2016, appellant filed a timely *pro se* notice of appeal, together with a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). (Docket #90, #91.) On June 10, 2016, the PCRA court issued a Rule 1925(a) opinion, relying on the reasons for dismissal set forth in its Rule 907 notice. (Docket #94.)

Subsequently, appellant retained private counsel, Marvin Leibowitz, Esq. On September 29, 2016, this court granted Attorney Leibowitz's motion for remand and directed appellant to file a counseled Rule 1925(b) statement within 14 days. (Docket #97.) Appellant filed a Rule 1925(b) statement on October 13, 2016. (Docket #98.) On October 20, 2016, the PCRA court filed a supplemental Rule 1925(a) opinion, again relying on its March 30, 2016 Rule 907 notice. (Docket #99.)

Appellant has raised the following issues for this court's review:

> I. Whether the lower court erred in finding that the appellant's second PCRA petition is not timely in view of the United States Supreme Court opinion in *Montgomery v. Louisiana*, [___ U.S. ___,] 136 S.Ct. 718, 193 L.Ed.2d 599 (2016)?
>
> II. Whether the lower court erred by sentencing the appellant to a mandatory minimum sentence in violation of *Alleyne v. United States*, [___ U.S. ___,] 133 S.Ct. 2151 [(2013)] and *Commonwealth v. Wolfe*, 140 A.3d 651 ([Pa.] 2016)?
>
> III. Whether the appellant's trial counsel was ineffective in failing to file a written motion for

> withdrawal of the guilty plea despite appellant's request and to file a motion to suppress a confession?

Appellant's brief at vii (unnecessary capitalization deleted).

> This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. ***Commonwealth v. Halley***, 582 Pa. 164, 870 A.2d 795, 799 n. 2 (2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. ***Commonwealth v. Carr***, 768 A.2d 1164, 1166 (Pa.Super. 2001).

***Commonwealth v. Turetsky***, 925 A.2d 876, 879 (Pa.Super. 2007),

***appeal denied***, 940 A.2d 365 (Pa. 2007).

> Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition. ***Commonwealth v. Robinson***, 575 Pa. 500, 508, 837 A.2d 1157, 1161 (2003). The most recent amendments to the PCRA, effective January 16, 1996, provide a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1); ***Commonwealth v. Bretz***, 830 A.2d 1273, 1275 (Pa.Super.2003); ***Commonwealth v. Vega***, 754 A.2d 714, 717 (Pa.Super.2000). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

***Commonwealth v. Monaco***, 996 A.2d 1076, 1079 (Pa.Super. 2010).

> The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1).

> To invoke an exception, a petition must allege and prove:
>
> (i)    the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii)    the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.
>
> 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). "As such, when a PCRA petition is not filed within one year of the expiration of direct review, or not eligible for one of the three limited exceptions, or entitled to one of the exceptions, but not filed within 60 days of the date that the claim could have been first brought, the trial court has no power to address the substantive merits of a petitioner's PCRA claims." ***Commonwealth v. Gamboa-Taylor***, 562 Pa. 70, 77, 753 A.2d 780, 783 (2000); 42 Pa.C.S.A. § 9545(b)(2).

*Id.* at 1079-1080. "To invoke an exception, the petitioner must plead it and satisfy the burden of proof." ***Commonwealth v. Geer***, 936 A.2d 1075, 1077 (Pa.Super. 2007), ***appeal denied***, 948 A.2d 803 (Pa. 2008), citing ***Commonwealth v. Beasley***, 741 A.2d 1258, 1261 (Pa. 1999).

Here, appellant's judgment of sentence became final on February 14, 2011, 90 days after the Pennsylvania Supreme Court denied allowance of appeal and the deadline passed for filing a petition for writ of ***certiorari*** in the United States Supreme Court. ***See*** 42 Pa.C.S.A. § 9545(b)(3); U.S.Sup.Ct. Rule 13(1), 28 U.S.C.A. As such, the instant petition, appellant's second, is manifestly untimely, unless one of the three statutory exceptions to the PCRA's one-year jurisdictional time-bar applies. Appellant asserts that his sentence is illegal under ***Alleyne*** and its progeny (holding that any fact that, by law, increases the penalty for a crime is required to be treated as an element of the offense, submitted to a jury, rather than a judge, and found beyond a reasonable doubt). However, "even claims that a sentence was illegal, an issue deemed incapable of being waived, are not beyond the jurisdictional time restrictions." ***Commonwealth v. Grafton***, 928 A.2d 1112, 1114 (Pa.Super. 2007), citing ***Commonwealth v. Fahy***, 737 A.2d 214 (Pa. 1999); ***Commonwealth v. Beck***, 848 A.2d 987 (Pa.Super. 2004). Therefore, appellant's illegal sentencing claim does not operate as an independent exception to the PCRA's jurisdictional time-bar.

To the extent that appellant is arguing that the after-recognized constitutional right exception, enumerated at 42 Pa.C.S.A. § 9545(b)(1)(iii) applies, he is mistaken. Recently, our supreme court decided that ***Alleyne*** does not apply retroactively to collateral attacks on mandatory minimum sentences advanced in post-conviction relief proceedings. ***Commonwealth***

*v. Washington*, 142 A.3d 810 (Pa. 2016); *see also Commonwealth v. Riggle*, 119 A.3d 1058 (Pa.Super. 2015) (holding that *Alleyne* did not apply retroactively in a PCRA setting, where Riggle's judgment of sentence became final 15 months <u>before</u> the Supreme Court decided *Alleyne* in June of 2013). Furthermore, it is well settled that *Alleyne* does not invalidate a mandatory minimum sentence when presented in an untimely PCRA petition. *Commonwealth v. Miller*, 102 A.3d 988 (Pa.Super. 2014).

Appellant relies on *Montgomery* for the proposition that when a new substantive rule of constitutional law controls the outcome of the case, it must be given retroactive effect on state collateral review. (Appellant's brief at 2.) *See Montgomery*, 136 S.Ct. at 732 (Supreme Court's decision in *Miller v. Alabama*, ___ U.S. ___, 132 S.Ct. 2455 (2012), prohibiting under the Eighth Amendment mandatory life sentences without parole for juvenile offenders, announced a new substantive constitutional rule that was retroactive on state collateral review). However, the Pennsylvania Supreme Court in *Washington* decided that the *Alleyne* ruling was not substantive nor was it a groundbreaking, "watershed" rule of criminal procedure that applies retroactively on collateral review. *Washington*, 142 A.3d at 818-819. *See Teague v. Lane*, 489 U.S. 288 (1989) (plurality) (a new constitutional rule of criminal procedure does not generally apply to convictions that were final when the new rule was announced). As such, appellant is not entitled to the benefit of *Alleyne*.

Finally, appellant claims that trial counsel was ineffective for failing to file a written pre-sentence motion to withdraw his guilty plea, and for failing to file a motion to suppress appellant's confession. (Appellant's brief at 6-9.) It is well settled that claims of trial counsel ineffectiveness do not operate as an independent exception to the one-year jurisdictional time bar of the PCRA. *See Gamboa-Taylor*, 753 A.2d at 783 (holding a claim of ineffective assistance of counsel does not save an otherwise untimely petition for review on the merits); *see also Commonwealth v. Breakiron*, 781 A.2d 94, 97 (Pa. 2001) (allegations of ineffective assistance of counsel will not circumvent the timeliness requirement of the PCRA).

Also, these claims could have been brought in appellant's first PCRA petition and are waived on that basis. 42 Pa.C.S.A. § 9544(b) ("For purposes of this subchapter, an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding.").

As appellant's petition, his second, is patently untimely and appellant has failed to plead and prove the applicability of any exception to the PCRA's time-of-filing requirements, the PCRA court lacked jurisdiction to consider the merits of appellant's issues and did not err in dismissing appellant's petition without an evidentiary hearing.

Order affirmed.

J. S08019/17

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/8/2017